## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN FLORES, on behalf of himself and all other similarly situated persons, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. |
| FRESHLINE FOODS, INC., JOHN SIAKOTOS, individually, and PETER SIAKOTOS, individually, | ) ) ) ) | Judge |
| Defendants. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiff Benjamin Flores ("Plaintiff"), individually and on behalf of the Class, and others similarly situated, by and through his attorneys, for his Class Action Complaint against Defendants Freshline Foods, Inc., John Siakotos, individually, and Peter Siakotos, individually, (collectively "Defendants" or "Freshline"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.     Plaintiff Benjamin Flores brings this lawsuit under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq.* ("IMWL"), and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), for Defendants' failure to pay him, and other similarly situated persons, overtime wages.  A copy of Plaintiff's consent form to act as a representative Plaintiff in this collective action under the FLSA is attached hereto as Exhibit A.

2.     Defendants own and operate a grocery store located in Oak Lawn, Illinois operating under the name "Freshline Foods." Plaintiff and the class he seeks to represent are non-

exempt employees who have worked at Defendants' grocery store and who have not been properly paid for all the overtime hours they worked..

3.      Plaintiff worked in excess of forty (40) hours in individual work weeks for Defendants, but Defendants did not pay Plaintiff overtime wages at the rate of one and one half times his regular rate of pay.

4.      Defendants paid Plaintiff in cash, and paid him his regular rate of pay for all time he worked for Defendants, including overtime hours.

## THE PARTIES

5.      Plaintiff Benjamin Flores resides in and is domiciled in this judicial district. Plaintiff Flores is currently employed by Defendants. Plaintiff Flores has worked for Defendants for approximately 13 years.

6.      Plaintiff Flores is Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1), and the IMWL, 820 ILCS §§ 105/3(d).

7.      At all relevant times, Defendant Freshline Foods, Inc. was Plaintiff's "employer" subject to the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS §105/3(c).

8.      At all relevant times, Defendant John Siakotos was Plaintiff's "employer" subject to the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS §105/3(c).

9.      Defendant John Siakotos is involved in the day-to-day business operations of Defendants.  Among other things, Defendant John Siakotos has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

10.     At all relevant times, Defendant Peter Siakotos was Plaintiff's "employer"

2

subject to the FLSA, 29 U.S.C. §203(d), and the IMWL, 820 ILCS §105/3(c).

11.     Defendant Peter Siakotos is involved in the day-to-day business operations of Defendants.  Among other things, Defendant Peter Siakotos has the authority and exercises the authority to hire and fire employees, to direct and supervise the work of the employees, sign on the checking accounts, including payroll accounts, and participate in decisions regarding employee compensation and capital expenditures.

12.     During the course of his employment, Plaintiff handled goods that moved in interstate commerce and was not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. §§206-07, or the IMWL, 820 ILCS 105/1 *et seq.*

13.     Defendant Freshline Foods, Inc. is an Illinois corporation doing business within this judicial district. Defendant Freshline Foods, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

## JURISDICTION

14.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, rising under 29 U.S.C. §216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## BACKGROUND FACTS

15.     Defendants failed to compensate Plaintiff, and failed to compensate other employees, at a rate of one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

3

16.     Specifically, Defendants paid employees their straight-time regular rate of pay for all time worked, including time worked in excess of forty (40) hours. For example, during the bi-weekly pay period ending March 8, 2008, Plaintiff Flores worked a total of 133 hours and 49 minutes. See Plaintiff Flores' time card for the pay period ending March 8, 2008, attached as Exhibit B. Plaintiff Flores worked 73 hours the first work week of the pay period and 60.75 hours the second work week of the pay period. Plaintiff Flores worked a total of 43.75 overtime hours during the pay period, but was paid only his regular hourly rate of pay for time he worked, including the overtime hours he worked.

17.     Other employees likewise worked in excess of forty (40) hours in individual work weeks, but were not paid one and one half times their regular rate for the overtime hours they worked.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff, the Class, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

19.     With respect to the claims under the IMWL, 820 Ill. Comp. Stat. § 105/1 *et seq.*, and the regulations promulgated there under, 56 Il. Admin Code § 210.100 *et seq.*, Plaintiff seeks to represent a class that is composed of and defined as follows:

> all persons who have been employed by Defendants or their predecessors since February 22, 2007, through and including the present, and who have not been paid overtime wages at a rate of one and one half times their regular rate for all the time they worked over forty (40) hours in individual work weeks (herein "IMWL Class").

20.     Plaintiff falls within the class definition and seeks certification of this lawsuit as a class action in order that his rights and those of the Class, as they relate to overtime

compensation and any other damages, be resolved.

21.     This action is brought pursuant to the class action provisions of Fed. R. Civ. P. 23 because the Class is so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, upon information and belief, Defendants employ fifty (50) individuals at any given time who satisfy the Class definition. The Class Representative and the Class Members have been equally affected by Defendants' failure to pay overtime wages.

22.     Furthermore, those Class Members still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

23.     The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the class, if any. These common questions of law and fact include, without limitation:

a) Whether Defendants unlawfully failed to pay overtime compensation in violation of the IMWL, 820 Ill. Comp. Stat. § 105/1 *et seq.* and the regulations promulgated there under, 56 Il. Admin Code § 210.100 *et seq.*;

b) Whether Plaintiff and the Class Members are exempt or non-exempt from entitlement to overtime compensation for hours worked under the pay requirements of Illinois law;

c) Whether Defendants failed to keep accurate time records for all hours worked by Plaintiff and the Class Members; and

d) The proper measure of damages sustained by Plaintiff and the Class Members.

5

24.     Plaintiff, the Class Members, and Defendants, have a commonality of interest in the subject matter and remedy sought. Plaintiff is able to fairly and adequately represent and protect the interests of the class.  Plaintiff, like other members of the Class, was subjected to Defendants' policies and practices that resulted in a failure to compensate him at the applicable overtime rates pursuant to Illinois law.  Also, Plaintiff's job duties were typical of the duties of the Class members.  Plaintiff's Counsel is competent and experienced in litigating complex wage-and-hour and class and collective action litigation.

25.     Individual actions by each member of the class injured or affected, would result in a multiplicity of actions, creating a hardship to Plaintiff, the Class Members, to the Court, and to Defendants.  The damages suffered by the individual Class members are small compared to the expense and burden of vigorous individual prosecution of this litigation against Defendants. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

## FACTS COMMON TO ALL CLAIMS

26.     Plaintiff, the Class, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

27.     During the statutory period, Plaintiff worked as a grocery employee for Defendants in the State of Illinois.

28.     During the statutory period, there were weeks when Plaintiff, the Class, and those similarly situated worked in excess of forty (40) hours without receiving overtime compensation at one and one half times their regular rate of pay.

29.     These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1), the IMWL, 820 Ill. Comp. Stat. § 105/1 *et seq.*, and the regulations

promulgated there under, 56 Il. Admin Code § 210.100 *et seq*. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

30.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a) and a willful violation of state law.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**
**(Collective Action- Plaintiff Flores on his own behalf**
**and on behalf of those similarly situated)**

31.     Plaintiff and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

32.     The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times their regular rate of pay for all time worked over forty (40) per workweek.

33.     Plaintiff and other similarly-situated  employees were entitled to one and one half times their regular hourly rate  for all time they worked in excess of forty (40) hours in individual work weeks.

34.     Plaintiff and other similarly-situated employees worked in excess of forty (40) hours per week in certain work weeks during the last three years.

35.     There were work weeks in the last three years were Plaintiff and other similarly-situated employees worked in excess of forty (40) hours in individual work weeks for Defendants but did not receive overtime compensation at the rate of one and one half times their regular rate of pay.

36.     In denying overtime compensation, Defendants violated the FLSA.

37.     Defendants violated the FLSA with respect to at least 50 employees within the last three years.

38.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and those similarly situated have suffered and will continue to suffer a loss of income and other damages.

40.     Plaintiff and those similarly situated are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.      Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.      Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.      Judgment against Defendants for violation of the overtime provisions of the FLSA;

D.      Judgment that Defendants' violations as described above were willful;

E.      An award in an amount equal to Plaintiff's and those similarly situated's unpaid back wages at the applicable overtime rate;

F.      An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

8

H.     An award of prejudgment interest to the extent liquidated damages are not awarded;

I.     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

J.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT II
### Violation of the Illinois State Law -- Overtime Wages
**(Class Action- Plaintiff Flores on his own behalf and on behalf of a class)**

41.     Plaintiff, the Class, and those similarly situated allege and incorporate by reference the allegations in the preceding paragraphs.

42.     This count arises from the violation of the IMWL, 820 Ill. Comp. Stat. § 105/1 *et seq.*, and the regulations promulgated there under, 56 Il. Admin. Code § 210.100 *et seq.*, for Defendants' failure to pay Plaintiff and the Class Members, overtime pay at one and one half times their regular rate.

43.     Plaintiff and the Class are entitled to be paid at a rate of one and one-half their regular rate pursuant to the IMWL for all time they worked in excess of forty (40) per workweek.

44.     Plaintiff and the Class work(ed) in excess of forty (40) hours per week in individual work weeks within the last three years but were not paid at least one and one half times their regular rate for all overtime hours they worked.

45.     In denying overtime compensation, Defendants violated the IMWL.

46.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Class have suffered and will continue to suffer a loss of income and other damages.

47.     Plaintiff and the Class are entitled to prejudgment interest and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff and the Class Members pray for a judgment against Defendants, as follows:

A.   A determination that this action may be maintained as a class action under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative and his counsel as Class Counsel;

B.   Judgment that Plaintiff and the Class are non-exempt employees entitled to protection under the IMWL;

C.   Judgment that Defendants violated the overtime provisions of the IMWL;

D.   An award against Defendants for an amount equal to Plaintiff's and the Class's unpaid back wages at the applicable overtime rates;

E.   Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

F.   An award of all costs and reasonable attorneys' fees incurred in prosecuting this claim to the extent allowed by Illinois state law;

G.   Leave to amend this Complaint to add relevant claims and plaintiffs; and

H.   For such further legal and equitable relief as the Court deems just and equitable.

Dated: February 22, 2010

s/Douglas M. Werman
DOUGLAS M. WERMAN-dwerman@flsalaw.com
MAUREEEN A. BANTZ-mbantz@flsalaw.com
DAVID E. STEVENS-dstevens@flsalaw.com
77 W. Washington, Suite 1402
Chicago, Il 60602
Telephone: (312) 419-1008
Fax: (312) 419-1025

# EXHIBIT A

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A
COLLECTIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT**

By my signature below I represent to the Court that I have been employed by Fresh Lines Foods or its parents, subsidiary or affiliated companies, within the prior three (3) years, that I have worked for Defendants time in excess of forty (40) hours in individual work weeks, and have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201, et. seq.  I authorize through this Consent the filing and prosecution of this Fair Labor Standards Act action in my name and on behalf of all persons similarly situated to myself.

Name: _BEN FLORES_____   (print your name)

Signature: _BEN FLORES_____

Date on which I signed this Notice: ____02|01|2010_____
                                              (today's date)

# EXHIBIT B

**Benji**

**A**  PAY PERIOD ENDING  **3·8·08**

| | | | | | |
|---|---|---|---|---|---|
| MO | A09:24 | P02:56 | 5:32 | 5:32 | |
| MO | P03:27 | P09:49 | 6:22 | 11:54 | |
| TU | A09:21 | P09:51 | 12:30 | 24:24 | |
| WE | A09:22 | P02:57 | 5:35 | 29:59 | |
| WE | P03:55 | P10:00 | 6:05 | 36:04 | |
| TH | A09:19 | P12:06 | 2:47 | 38:51 | |
| TH | P12:36 | P02:53 | 2:17 | 41:08 | |
| TH | P03:17 | P10:12 | 6:55 | 48:03 | |
| FR | A09:18 | P10:03 | 12:45 | 60:48 | |
| SA | A09:29 | A11:58 | 2:29 | 63:17 | |
| SA | P12:24 | P10:09 | 9:45 | 73:02 | |
| | | | | | |
| MO | A09:50 | P09:55 | 12:05 | 85:07 | |
| TU | A09:35 | P02:59 | 5:24 | 90:31 | |
| TU | P03:30 | P09:58 | 6:28 | 96:59 | |
| WE | A09:44 | P09:49 | 12:05 | 109:04 | |
| TH | A09:22 | P02:55 | 5:33 | 114:37 | |
| TH | P03:16 | P10:13 | 6:57 | 121:34 | |
| FR | A09:27 | P09:42 | 12:15 | 133:49 | |

**STROMBERG®**   FORM 9-5550

Ⓔ Ⓐ ① ② ③ ④ ⑤ ⑥ ⑦ ⑧ ⑨
⓪ ① ② ③ ④ ⑤ ⊖ ⑦ ⑧ ⑨
⓪ Ⓐ ② ③ ④ ⑤ ⑥ ⑦ ⑧ ⑨
Ⓐ ① ② ③ ④ ⑤ ⑥ ⑦ ⑧ ⑨